HELENE N. WHITE,
Circuit Judge, concurring.
I join in the per curiam opinion but write separately to explain that a jury could also reasonably find that Walmart’s asserted reason for discharging Plaintiffs — that they accepted a gift — has no basis in fact.
Plaintiffs maintain Walmart’s decision has no basis in fact because their conduct did not amount to a violation of Walmart’s Statement of Ethics; more specifically, taking plants discarded as sick and dying by the owner is not accepting a gift in the general sense of the term or under the gift policy. Walmart argues that its Statement of Ethics clearly prohibited Plaintiffs’ conduct, that Plaintiffs essentially argue that Walmart’s interpretation of its own policy is unreasonable, and that the court must defer to Walmart’s interpretation of its policy. Although it is true Plaintiffs admitted taking the plants, a jury could reasonably find, based on the testimony of Walmart employees, that Walmart’s policy, which does not define “gift,” does not prohibit taking sick plants a vendor has asked the employee to discard.
Walmart accepts, as it must at this stage, Thompson’s testimony that the Bonnie Bell employee placed dead or dying plants in a cart and asked Thompson to throw the plants away, and after she commented she could save a few, the vendor’s employee responded, “[G]o for it.” Thus, whether Plaintiffs violated Walmart’s policy on gifts turns on whether Plaintiffs’ taking the discarded sick plants constitutes a gift.
Both Jenkins’s and Theobald’s testimony disputes Walmart’s contention that Plaintiffs accepted a gift. Asked if taking an item from a vendor who requested the employee throw the item into the garbage *351 violates Walmart’s gift policy, Jenkins replied, “No.” She further admitted that retrieving something from the trash does not constitute acceptance of a gift or a violation of the gift policy. Despite this understanding of the policy, Jenkins did not interview the Bonnie Bell employee to confirm Thompson’s version of events.
Similarly, Theobald was asked, “If the vendor[] says, would you mind throwing this in the trash for me and the employee looks at it, throws it in the trash, but then decides, well, I think I’ll take it home, is that violation of the policy?,” and answered, “I don’t believe that they at that point would have violated the Gifts and Entertainment Policy, no.”[1] Nevertheless, the actual circumstances of Plaintiffs’ taking of the plants did not matter to Theo-bald. Although Theobald testified that “it depends on what the vendor is saying” to the associate in determining whether the employee violated the gift policy, he maintained that he ordinarily makes employment decisions without having “possession of all the facts,” even though he agreed that it is “important that you learn all of the important facts about what has happened ... before deciding whether you impose discipline at all.” And in this case, he testified he made the decision to discharge Plaintiffs without knowing whether the plants'were pay-per-scan items or garbage. Indeed, he maintained that those facts did not matter because Plaintiffs “left with merchandise from the facility” without paying, so he viewed their actions as demonstrating “compromised integrity” and decided to discharge them.[2] A jury could reasonably find that Walmart’s stated reason for discharging Plaintiffs has no basis in fact because Plaintiffs did not accept a gift in violation of Walmart’s gift policy,[3] and, as discussed in the per curiam opinion, Theobald did not have an honest belief that the policy had been violated.

.At oral argument, Walmart’s counsel was unable to offer a material distinction between retrieving discarded plants from the garbage and intercepting discarded plants before they are physically placed in the garbage, and I perceive none. In either case, the plants would be regarded as dying and having no value, and would be abandoned. See Long v. Noah’s Lost Ark, Inc., 158 Ohio App.3d 206, 814 N.E.2d 555, 563 (2004) (abandonment is the "absolute unequivocal relinquishment” of property "without regard as to who may take over” ownership; it is the "virtual throwing away” of property).

. One Walmart document lists theft, violent act, dishonesty, and misappropriation of company assets as examples of "Gross Misconduct — Integrity Issue.”

. Additionally, Theobald's disregard for ascertaining all the relevant facts before implementing an adverse employment decision is additional evidence from which a jury could reasonably find that Plaintiffs' alleged violation of the gift policy did not actually motivate Walmart’s decision.